**EXHIBIT A**

1  Michael H. Kim, Esq. (State Bar No. 200792)
   **MICHAEL H. KIM, P.C.**
2  475 El Camino Real, Suite 309
   Millbrae, California 94030
3  Telephone: (650) 697-8899
4  Facsimile: (650) 697-8896
   Email: michaelhkimla@gmail.com
5
6  Attorneys for Plaintiff
   BABU SEBASTIAN
7

FILED  Santa Clara Co
02/13/14   3:35pm
David H. Yamasaki
Chief Executive Offic
By: aramirez DTSCIV01
R#2014000013895
CK              $435.00
TL              $435.00
Case: 1-14-CV-260556

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF SANTA CLARA**

10 BABU SEBASTIAN,                         Case No.

11        Plaintiff,                       **COMPLAINT 114CV260556**

12 vs.                                     1.  FAMILY MEDICAL LEAVE ACT
                                               VIOLATION
13                                         2.  CALIFORNIA FAMILY RIGHTS ACT
                                               VIOLATION
14 LUCILE SALTER PACKARD                   3.  DISABILITY DISCRIMINATION IN
   CHILDREN'S HOSPITAL AT STANFORD;            VIOLATION OF GOVERNMENT CODE
15 SUMESH JAIN; GARIMA SRIVASTAVA;             SECTION 12940(A)
   DOES 1 through 100,                     4.  FAILURE TO PROVIDE REASONABLE
16                                             ACCOMMODATIONS IN VIOALTION OF
        Defendants.                            GOVERNMENT CODE SECTION
17                                             12940(M)
                                           5.  FAILURE TO ENGAGE IN
18                                             INTERACTIVE PROCESS IN VIOALTION
                                               OF GOVERNMENT CODE SECTION
19                                             12940(N)
20
21                                         [Jury Trial Requested]
22
23

24
        Plaintiff BABU SEBASTIAN complains and alleges as follows:
25
                          **THE PARTIES**
26
        1.      Plaintiff BABU SEBASTIAN is an individual and resident of Pleasanton, Alameda
27
   County, California.
28

   Case No.
                          COMPLAINT

2.     On information and belief, Defendant LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD is and, at all relevant times herein, was a California corporation doing business in Palo Alto, Santa Clara County, California. On information and belief, Defendant LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD  is a non-profit hospital devoted entirely to the care of babies, children, adolescents and expectant mothers.

3.     On information and belief, Defendant SUMASH JAIN is an individual and, at all relevant times herein, has been employed as a Business Operations Manager at LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD. At all relevant times herein, Defendant SUMASH JAIN was Plaintiff's direct supervisor at LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD.

4.     On information and belief, Defendant GARIMA SRIVASTAVA is an individual and, at all relevant times herein, has been employed as the Director of Enterprise Business Systems at LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD. At all relevant times herein, Defendant GARIMA SRIVASTAVA was Plaintiff's director at LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD.

5.     The true names and capacities of defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to state the true name(s) and capacities of such fictitiously named defendants when the same have been ascertained.

6.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each defendant aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts complained of herein and to engage in a course of conduct and the business practices complained of herein

Case No.                                      2
COMPLAINT

7.     Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were the affiliates of some or all other Defendants, and vice-versa, and in doing the thing alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under common control with such other Defendants.

8.     Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

9.     Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

10.     Defendants, including Does 1 through 100, inclusive, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint

## JURISDICTION AND VENUE

11.     Jurisdiction is conferred on this Court over each Defendant named herein as each Defendant is incorporated in, conducting business in, and/or residing in California. Jurisdiction is conferred on this Court as to all Claims for Relief as they arise under state statutory or common law.

12.     Venue is proper in this Court because Defendants are doing business in this County and have their principal place of business in this County, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this County.

## FACTUAL ALLEGATIONS

13.     Plaintiff began working for Lucile Packard Children's Hospital in Palo Alto, CA as a Senior Business Analyst on or about April 30, 2012. As part of his working conditions, he was

Case No.                                                    3

COMPLAINT

1    regularly required to work 60 hours to 100 hours, 7 days a week. These long work hours without

2    any rest took a toll on him both physically and mentally because Plaintiff suffers from a

3    debilitating medical condition that causes dangerously low hemoglobin levels. Plaintiff informed

4    his supervisors, Sumesh Jain and Garima Srivastava, about his stomach ulcerations and his

5    hemoglobin count dropping to a dangerously low level, which caused him to feel fatigued,

6    anemic, and exhausted even after walking for a few yards. He informed them that his condition

7    was currently under treatment to bring the levels back up to an acceptable range, but that he was

8    advised by his doctors to exercise regularly and take long rests. The supervisors were informed

9    many times verbally and Garima Srivastava was informed by email as early as on December

10   11,2012 of his inability to work long hours and stress due to my medical condition. Plaintiff

11   shared this information in the hope of adjusting his work hours to accommodate for his disability.

12   Sumesh Jain and Garima Srivastava ignored his requests, denied him reasonable

13   accommodations, refused to engage in any discussions to determine if a suitable accommodation

14   could be made for him, and imposed the same grueling work schedule on him.

15        14.    On or about May 3, 2013, Plaintiff requested time off under the Family Medical

16   Leave Act to care for his mother who was suffering from a serious medical condition. At the

17   time of his request, Plaintiff was eligible for leave under the Family Medical Leave Act

18   ("FMLA") and California Family Rights Act. His request was again denied by his supervisors,

19   Sumesh Jain and Garima Srivastava. In one email, Plaintiff's supervisor, Garima Srivastava,

20   wrote in response to his request for FMLA leave or Paid Time Off: "I understand your personal

21   situations but on company this is not going to work."

22        15.    On or about July 15, 2013, Plaintiff informed Sumesh Jain and Garima Srivastava

23   that his doctors have diagnosed a pinched nerve caused by his work. He informed them that the

24   pinched nerve causes extreme pain and numbness on his right side, and that for the past fifteen

25   months or so he has been continuously working long hours without a break and even on holidays

26   and weekends that prevented him from taking time off to go his doctor for treatment. In response,

27   his supervisor, Sumesh Jain, denied his request and instead wrongfully blamed Plaintiff for his

28

Case No.                                 4

1 own inefficient use of time. He wrote: "Also, I can cite multiple occasions where you have

2 worked from home or attended to personal business during working hours which gives you

3 flexibility to manage your work. I don't believe that we are over worked or working every

4 weekend/holidays. I would request you to provide me a detail of the work which you have done

5 over the past few weekends and holidays. I wish you do better in terms of your health and

6 manage your work efficiently which doesn't create extra work for yourselves and others."

7      16.    On or about July 26, 2013, Plaintiff sent another email to Sumesh Jain and Garima

8 Srivastava asking for some relief and modifications to his work schedule so that he can have time

9 to go for treatment. Garima Srivastava again denied Plaintiff's request for FMLA leave.

10      17.    On or about July 29, 2013, Garima Srivastava advised Plaintiff by email to work

11 with Human Resources and Matrix to obtain permission for FMLA leave and get workplace

12 accommodations if his medical condition doesn't allow him to fully perform his duties.

13      18.    On or about July 30, 2013, Garima Srivastava gave Plaintiff a "friendly" warning

14 that he should resign because his current health condition would not allow him to support the HR

15 Phase II Go Live system update when it goes online in September.

16      19.    On or about August 15, 2013, Plaintiff filed a workers' compensation claim

17 relating to his pinched nerve and emotional distress issues. Following the filing of the workers'

18 compensation claim, Plaintiff was seen by an occupational health services doctor who released

19 Plaintiff back to work with restrictions. Plaintiff submitted the doctor's note to his managers and

20 the Hospital's Occupational Health Services department ("OHS") but they refused to

21 accommodate him. In an email dated August 27, 2010, Ms. Mary Sprangler, Director of OHS,

22 wrote to Plaintiff saying that his "department is not accommodating [him for his restrictions] so

23 [he] would not be accountable for the work that would (sic) getting done today." Following this

24 denial of accommodation, OHS wrongfully accused Plaintiff of "not meeting the performance

25 standards of his job." Defendants continued to accuse Plaintiff of not being able to meet the

26 standards and expectations of his job class and threatened that his job was in "jeopardy" even

27 though they knowingly and intentionally refused to accommodate him for his restrictions.

28

Case No.                         5

COMPLAINT

## FIRST CAUSE OF ACTION

### (FMLA Violation)

### (Against LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD; SUMESH JAIN; GARIMA SRIVASTAVA; DOES 1 through 50)

20.    Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

21.    On information and belief, Defendants are qualifying "employers" as that term is defined in the FMLA, 29 U.S.C. Section 2611(4), and that Plaintiff is an eligible employee as that term is defined in the  FMLA, 29 U.S.C. section 2611(2).

22.    On information and belief, there was an entitlement to leave as defined in the FMLA, 29 U.S.C. Section 2612(1), and that Plaintiff was denied his entitlement to leave as prescribed in FMLA.

23.    On information and belief, Defendants violated the FMLA by failing to notify Plaintiff of his FMLA rights, failing to grant him leave to provide care to a seriously ill parent, and failing to grant him FMLA leave due to a serious health condition.

24.    As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Civil Code* § 3287 and any other provision of law providing for prejudgment interest.

25.    As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

26.    As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

27.    The above recited actions of Defendants were done with malice, fraud and/or

Case No.                                6

COMPLAINT

oppression and in reckless disregard of the rights of Plaintiff under the FMLA. Defendants'

conduct was despicable and justifies an award of punitive damages in an amount sufficient to

deter them from engaging in such conduct again in the future, in an amount according to proof at

time of trial.

### SECOND CAUSE OF ACTION

**(Disability Discrimination in Violation of California Government Code Section**

**12940)**

**(Against LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT**

**STANFORD; DOES 51 through 100)**

28.     Plaintiff incorporates by reference and realleges as if fully stated herein the

material allegations set out above in the preceding paragraphs.

29.     At all times herein mentioned, California Government Code § 12940 et seq.

("FEHA") was in full force and effect and was binding on Defendants.

30.     Government Code § 12940(a) states that it is an unlawful employment practice for

an employer to discharge an person from employment, to discriminate against the person in

compensation or in terms, conditions, or privileges of employment on the basis of medical

condition.  Government Code § 12926.1(b) states that "disability" includes, but is not limited to,

protection from discrimination due to actual or perceived impairment that is disabling, potentially

disabling, or perceived to be disabling.

31.     Defendants engaged in unlawful employment practices in violation of the FEHA

by denying him medical leave and discriminating against him in terms, conditions, and privileges

of his employment on the basis of his disability or perceived disability.

32.     As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has

suffered actual, consequential and incidental financial losses, including without limitation, loss of

salary and benefits, all in an amount subject to proof at the time of trial. Plaintiff claims such

amount as damages together with prejudgment interest pursuant to *Civil Code* § 3287 and any

other provision of law providing for prejudgment interest.

Case No.                                          7
COMPLAINT

33.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

34.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

35.     The above recited actions of Defendants were done with malice, fraud and/or oppression and in reckless disregard of the rights of Plaintiff under the FEHA. Defendants' conduct was despicable and justifies an award of punitive damages in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial.

## THIRD CAUSE OF ACTION

### (Medical Condition Discrimination in Violation of California Government Code Section 12940)

### (Against LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD; DOES 51 through 100)

36.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

37.     At all times herein mentioned, California Government Code § 12940 et seq. ("FEHA") was in full force and effect and was binding on Defendants.

38.     Government Code § 12940(a) states that it is an unlawful employment practice for an employer to discharge an person from employment, to discriminate against the person in compensation or in terms, conditions, or privileges of employment on the basis of medical condition.

39.     Defendants engaged in unlawful employment practices in violation of the FEHA by denying him medical leave and discriminating against him in terms, conditions, and privileges of his employment on the basis of his medical condition.

Case No.                                                    8
COMPLAINT

40.     As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Civil Code* § 3287 and any other provision of law providing for prejudgment interest.

41.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

42.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

43.     The above recited actions of Defendants were done with malice, fraud and/or oppression and in reckless disregard of the rights of Plaintiff under the FEHA. Defendants' conduct was despicable and justifies an award of punitive damages in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at time of trial.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Reasonable Accommodations in Violation of California Government Code Section 12940(m))**

**(Against LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD; DOES 51 through 100)**

44.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

45.     At all times herein mentioned, California Government Code § 12940 et seq. ("FEHA"), including but not limited to Sections 12940 (m), was in full force and effect and was binding on Defendants. Government Code § 12940(m) states that it is an unlawful employment practice for an employer to "to fail to make reasonable accommodation for the known physical or

Case No.                                                   9

COMPLAINT

1   mental disability of an applicant or employee."

2       46.    Plaintiff had a disability.  However, he was released back to work with restrictions

3   by his doctor.

4       47.    Although he was released to go back to work with restrictions, Defendants refused

5   to provide him reasonable accommodations.  Instead, Defendants wrongfully accused Plaintiff of

6   not being able to meet the standards and expectations of his job class and threated that his job was

7   in "jeopardy" even though they knowingly and intentionally refused to accommodate him for his

8   disability restrictions.

9       48.    As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has

10  suffered actual, consequential and incidental financial losses, including without limitation, loss of

11  salary and benefits, all in an amount subject to proof at the time of trial. Plaintiff claims such

12  amount as damages together with prejudgment interest pursuant to *Civil Code* § 3287 and any

13  other provision of law providing for prejudgment interest.

14      49.    As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has

15  suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and

16  pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

17      50.    As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs has

18  incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be

19  established according to proof.

20      51.    The above recited actions of Defendants were done with malice, fraud and/or

21  oppression and in reckless disregard of the rights of Plaintiff under the FEHA. Defendants'

22  conduct was despicable and justifies an award of punitive damages in an amount sufficient to

23  deter them from engaging in such conduct again in the future, in an amount according to proof at

24  time of trial.

25                          **FIFTH CAUSE OF ACTION**

26          **(Failure to Engage in Interactive Process in Violation of California Government**

27                          **Code Section 12940(n))**

28

Case No. _____  10
                          COMPLAINT

1    **(Against LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT**

2    **STANFORD; DOES 51 through 100)**

3    52.    Plaintiff incorporates by reference and realleges as if fully stated herein the

4    material allegations set out above in the preceding paragraphs.

5    53.    At all times herein mentioned, California Government Code § 12940 et seq.

6    ("FEHA"), including but not limited to Sections 12940 (n), was in full force and effect and was

7    binding on Defendants. Government Code § 12940(n) states that it is an unlawful employment

8    practice for an employer to "fail to engage in a timely, good faith, interactive process with the

9    employee or applicant to determine effective reasonable accommodations, if any, in response to a

10   request for reasonable accommodations, by an employee or applicant with a  known physical or

11   mental disability or known medical condition."

12   54.    Plaintiff had a disability.  However, he was released back to work with restrictions

13   by his doctor.

14   55.    Although he was released to go back to work with restrictions, Defendants refused

15   to provide him reasonable accommodations.  In fact, Defendants refused to even engage in any

16   interactive process with Plaintiff to see what reasonable accommodation can be made for him for

17   his disability restrictions.  Instead, Defendants wrongfully accused Plaintiff of not being able to

18   meet the standards and expectations of his job class and threated that his job was in "jeopardy"

19   even though they knowingly and intentionally refused to accommodate him for his disability

20   restrictions.

21   56.    As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has

22   suffered actual, consequential and incidental financial losses, including without limitation, loss of

23   salary and benefits, all in an amount subject to proof at the time of trial. Plaintiff claims such

24   amount as damages together with prejudgment interest pursuant to *Civil Code* § 3287 and any

25   other provision of law providing for prejudgment interest.

26   57.    As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has

27   suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and

28

Case No.                              11

1    mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

2        58.      As a direct and proximate result of said wrongful acts by Defendants, Plaintiffs has

3    incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be

4    established according to proof.

5        59.      The above recited actions of Defendants were done with malice, fraud and/or

6    oppression and in reckless disregard of the rights of Plaintiff under the FEHA. Defendants'

7    conduct was despicable and justifies an award of punitive damages in an amount sufficient to

8    deter them from engaging in such conduct again in the future, in an amount according to proof at

9    time of trial.

10

11                              **PRAYER FOR RELIEF**

12   WHEREFORE, PLAINTIFF prays for relief as follows:

13           ON ALL CAUSES OF ACTION:

14       1.  For general and special damages according to proof, however, no less than the

15           jurisdictional limit of this court;

16       2.  For economic losses, both past and future;

17       3.  For consequential damages;

18       4.  For punitive damages according to proof;

19       5.  For attorneys' fees as provided by law;

20       6.  For prejudgment, post-judgment and other interest as provided by law;

21       7.  For cost of suit incurred herein; and

22       8.  For such other and further relief as the Court deems fair and just.

23

24

25

26

27

28

Case No.                              12
                            COMPLAINT

Dated: February 11, 2014

LAW OFFICES OF MICHAEL H. KIM, A
PROFESSIONAL CORPORATION

By: _____
Michael H. Kim, Esq.
Attorneys for Plaintiff
BABU SEBASTIAN

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all causes of action.

Dated: February 11, 2014

LAW OFFICES OF MICHAEL H. KIM, A
PROFESSIONAL CORPORATION

By: _____
Michael H. Kim, Esq.
Attorneys for Plaintiff
BABU SEBASTIAN

Case No.                                           13

COMPLAINT